# EXHIBIT D

LAURA E. DUFFY
United States Attorney
EMILY J. KEIFER
Assistant United States Attorney
California Bar No. 271107
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7319/Fax: (619) 546-0450
E-mail: emily.keifer@usdoj.gov

Attorneys for United States of America

FILED
APR 14 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS | No. 15mc0291-JLS<br><br>APPLICATION FOR ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS<br><br>[UNDER SEAL] |

Emily J. Keifer, Assistant United States Attorney, Southern District of California, being duly sworn, states:

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an attorney authorized by law to prosecute or participate in the prosecution of offenses enumerated in Section 2516 of Title 18, United States Code. I am also an "attorney for the Government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure.

//
//
//

2.    This application is for an Order pursuant to Section 2518 of Title 18, United States Code, authorizing the continued interception of wire[1] and electronic communications, including telephone calls and electronic messages, including text messages, multi-media data packets (such as photographs), internet traffic, WhatsApp messaging, and electronic mail communications of Sanders SEGAL aka Sandy SEGAL, Stanley PENN aka Stan PENN, James TEAR, Jeffrey BURKE aka Jeff BURKE, Danny Ut HUYNH aka Danny HUYNH, Nam Thanh NGUYEN, Pablo Daniel Ballestero FRECH, Peter Magnus KARLSSON, Sydney SEGAL, Jan BEVERLY, Ken KEO aka Ken Pheng KEO, Richard Ryan BUCHARDT aka Ryan BUCHARDT, David LEPPO aka Dave LEPPO, Bradford CHAPIN aka Brad CHAPIN, John THOMAS, Firmino FERREIRA aka Cully, Anthony SMITH aka Tony SMITH, Stephanie SEGAL, Maria McGAFFIGAN, Richard MORNEAU aka Dick MORNEAU, Terri CALDWELL, Kelly JOHNSON, Robert BIDDLE, Louis Ed SANCLEMEN, Leonard AREVALO, Enrique LNU, Dave LNU, Bruce LNU, Kyle LNU, Carla LNU, and others as yet unknown (collectively referred to as the "Target Subjects") concerning offenses enumerated in Section 2516 of Title 18, United States Code, to wit: conducting an illegal gambling business (18 U.S.C. § 1955); transmission of wagering information (18 U.S.C. § 1084); laundering of monetary instruments (18 U.S.C. §§ 1956-57); and conspiracy to commit these crimes (18 U.S.C. §§ 371 and 1956(h)) (hereinafter the "Criminal Activity"), to and from the following facility (hereinafter referred to as the "Target Telephone"):

    a. a Verizon cellular telephone bearing telephone number (619) 787-4205 (**TT#1/SEGAL**), subscribed to David Mikovich (now deceased), 4203 Collwood Lane, San Diego CA 92115, IMSI number 311480081074351, but used by Sanders SEGAL.

---

[1] Including communications transmitted over packet-switched data networks, also known as "push to talk" or "Direct Connect" technology.

2

3.  Pursuant to Section 2516 of Title 18, United States Code, Paul O'Brien, a Deputy Assistant Attorney General, United States Department of Justice, Criminal Division, having been specially designated by the Assistant Attorney General of the United States, pursuant to Order Number 3055-2009 of February 26, 2009, has authorized this application. Attached to this application is a copy of the Attorney General's Order of Special Designation and the Memorandum of Authorization for this application.

4.  I have discussed all of the circumstances of the offenses with Special Agent Max Regula, Federal Bureau of Investigation ("FBI"), and have examined his affidavit, which is attached to this application and is incorporated herein by reference. Based upon that affidavit, your Applicant states upon information and belief that:

    a.  There is probable cause to believe that one or more of the Target Subjects, and others as yet unknown, have committed, are committing, and will continue to commit the Criminal Activity described above;

    b.  There is also probable cause to believe that the interception of wire and electronic communications of the Target Subjects occurring over **TT#1/SEGAL** will concern the above described Criminal Activity. In particular, interception of these wire and electronic communications is expected to reveal:

        i.  the volume, geographic scope, and manner and means of the Target Subjects' illegal bookmaking/gambling, money laundering activities and bulk cash smuggling, including the quantities of illegal gambling proceeds collected and laundered, and the ultimate destination of the illegal gambling proceeds (in the United States and elsewhere);

        ii.  the identities and roles of accomplices, aiders and abettors, and co-conspirators in the Criminal Activity;

        iii.  evidence to forfeit assets and/or accounts used to facilitate, or that constitute proceeds of the illegal bookmaking/gambling activities of the Target Subjects and their co-conspirators;

LSTV-TIII-PLEAD-15MC0291-000073

        iv.    the location and source of resources used to finance the Criminal Activity;

        v.    the physical location of the Target Subjects and their co-conspirators and associates;

        vi.    the location of items used in furtherance of those activities; and

        vii.    the volume, geographic scope, and manner and means of the Target Subjects' money laundering activities.

5.    The attached affidavit contains a full and complete statement of facts (incorporated by reference herein) concerning all previous applications known to me and the authorizing individual for authorization or approval to intercept wire, oral, or electronic communications involving any of the same persons, facilities, or places specified in this application.

WHEREFORE, IT IS HEREBY REQUESTED that this Court issue an Order, pursuant to Section 2518 of Title 18, United States Code, authorizing FBI to initiate the interception of wire and electronic communications (including, but not limited to, those sent/received in the form of standard text messages, internet traffic, WhatsApp messaging, electronic mail ("email") and/or multi-media data packets (such as photographs)) over **TT#1/SEGAL** of the Target Subjects and others as yet unknown to and from the Target Telephone, until such communications are intercepted that reveal the manner in which the Target Subjects and others as yet unknown participate in the specified offenses and reveal the identities of all co-conspirators, places of operation, and the full scope and nature of the conspiracy, but not to exceed a period of thirty (30) days.

IT IS REQUESTED FURTHER that this Court issue an Order pursuant to Section 2518(4) of Title 18, United States Code, Verizon and any other provider of wire or electronic communication service as defined in Section 2510(15) of Title 18, United States Code (hereinafter the "Service Provider"), to furnish FBI with all

LSTV-TIII-PLEAD-15MC0291-000074

information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference to the services that such Service Provider accords the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire communications over the above-described Target Telephone. The Service Provider shall be compensated by FBI for reasonable expenses incurred in providing such facilities or assistance.

IT IS REQUESTED FURTHER that, pursuant to Title 18, United States Code, Sections 2703, 3122, and 3123, the Court authorize the installation and use of a pen register and trap and trace device (including but not limited to "caller identification"), for up to 60 days, on the Target Telephone to record and decode electronic or other impulses which identify the numbers dialed or otherwise transmitted on the Target Telephone; to record the date and time of such impulses; to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; and to capture the incoming electronic or other impulses which identify the originating number of an instrument or device from which a wire or electronic communication was transmitted. This should include dialing, routing, addressing, signaling information transmitted on the Service Providers packet-switched data network by "push to talk" technology, a.k.a. "Direct Connect," to provide digital two-way communication or "post-cut-through-digits," that is, any digits dialed from the subject telephone after the initial call setup is completed. The geographic area of the trap and trace device shall be limited to the United States of America. Applicant certifies that the information likely to be obtained by the installation and use of the pen register and trap and trace device is relevant to the ongoing criminal investigation conducted by the FBI and discussed in the affidavit. Applicant requests that the Court order the Service Providers to furnish all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and

LSTV-TIII-PLEAD-15MC0291-000075

trace device. The Service Providers shall be reasonably compensated by the FBI for such reasonable expenses incurred in providing such facilities and assistance.

IT IS REQUESTED FURTHER that, upon application of the Government, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d) and 3123, the Service Providers shall disclose to the Applicant, FBI, and other investigative or law enforcement officers forthwith, all published and non-published subscriber information, toll records (including Direct Connect, push-to-talk, SMS connection records, or other two-way communication records), relating to numbers in contact with the Target Telephone, which may be requested in furtherance of this investigation, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

IT IS REQUESTED FURTHER that this Court issue an Order directing the Service Provider not to notify any other person of the existence of this Order until further order of this Court, as the Court finds appropriate reason to believe that such notification will result in an adverse consequence as provided at 18 U.S.C. § 2705(b)

IT IS REQUESTED FURTHER, pursuant to 18 U.S.C. § 2518(3), that in the event that the Target Telephone is transferred outside the territorial jurisdiction of this Court, interceptions may continue in the Southern District of California where communications over the Target Telephone will first be read and/or heard and minimized.

IT IS REQUESTED FURTHER that, in the event that the Service Provider for the Target Telephone changes during the course of interception, interception may continue with the new Service Provider without further Order of this Court. The United States will advise this Court of the change of Service Provider in the periodic progress report submitted to this Court.

IT IS REQUESTED FURTHER, to avoid prejudice to this criminal investigation, that this Court order the Service Providers and their agents and

employees not to disclose or cause a disclosure of this Court's Order or the request for information, facilities, and assistance by FBI or the existence of the investigation to any person other than those of their agents and employees who require this information to accomplish the services requested. In particular, said Service Providers and their agents and employees should be ordered not to make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

1. IT IS REQUESTED FURTHER that this Court direct that the Order be executed as soon as practicable after it is signed and that all monitoring of electronic communications shall be recorded and examined by the monitoring agents, interpreters and/or attorneys in the manner detailed in Special Agent Regula's Affidavit to determine the relevance of the intercepted wire and electronic communications to the pending investigation, and that the disclosure of the contents or nature of the wire and electronic communications intercepted be limited to those communications relevant to the pending investigation, in accordance with the minimization requirements to be followed here under the authority of Chapter 119 of Title 18 of the United States Code. Each electronic communication will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the electronic communication appears to be relevant to the investigation or otherwise criminal in nature. If the electronic communication is not criminal in nature, the electronic communication will be marked "non-pertinent." Monitoring personnel may consult with agents involved in the investigation to resolve potential uncertainties about whether a particular communication is pertinent or not. If the electronic communication appears to be privileged, it will be marked "privileged" and secured from access. If an electronic communication appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "pertinent." In the event the intercepted electronic communication is in a code or

foreign language, and an expert in that foreign language or code is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception.

IT IS REQUESTED FURTHER that this Court's Order require that the interception of wire and electronic communications must terminate upon attainment of the authorized objectives or, in any event, at the end of thirty (30) days, whichever is earlier. Pursuant to 18 U.S.C. Section 2518, this time shall be measured from the earlier of the day on which agents first begin interception or ten days after the order is entered.

IT IS REQUESTED FURTHER that the requested authorization apply not only to the target telephone numbers listed above, but also to any other telephones or telephone numbers subsequently assigned to the same IMSI numbers referenced above or to any other IMSI numbers assigned to the target telephones, within the thirty-day period. The authorization is also requested to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephone is off the hook or otherwise in use.

IT IS REQUESTED FURTHER that this Court order that either Applicant or another Assistant United States Attorney familiar with the facts of the case provide the Court with a report on or about the fifteenth (15th) day following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the aforementioned reports should become due on a weekend or holiday, it is requested further that such report become due on the next business day thereafter.

IT IS REQUESTED FURTHER that this Court's Order(s), this application and the accompanying affidavit, and all interim reports submitted with regard to this matter be sealed until further order of this Court, except that copies of the Orders, in

LSTV-TIII-PLEAD-15MC0291-000078

1  full or redacted form, may be served on FBI and the Service Providers as necessary
2  to effectuate the Court's Orders.

3
4      DATED: April 14, 2015.

5
6                                        EMILY J. KEIFER
7                                        Assistant United States Attorney

8  SUBSCRIBED and SWORN to before
   me on April 14, 2015.
9
10
11  HONORABLE JANIS L. SAMMARTINO
   UNITED STATES DISTRICT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                        9